MARK A. KLAASSEN
United States Attorney
NICHOLAS VASSALLO (WY Bar No. 5-2443)
P.O. Box 668
Cheyenne, WY 82003
Tele: (307) 772-2124
nick.vassallo@usdoj.gov

PRERAK SHAH
Acting Deputy Assistant Attorney General
United States Department of Justice
Environment & Natural Resources Division

EMMA L. HAMILTON (CA Bar No. 325360)
Trial Attorney
Natural Resources Section
P.O. Box 7611
Washington, D.C. 20044-7611
Tel: (202) 305-0479
Fax: (202) 305-0506

SHAUN M. PETTIGREW (CA Bar No. 254564)
Trial Attorney
Natural Resources Section
c/o NOAA, Damage Assessment
7600 Sand Point Way, NE
Seattle, WA 98115
Phone: (206) 526-6881
shaun.pettigrew@usdoj.gov

*Attorneys for Defendants*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| MOUNTAIN PURSUIT, | ) | Case No. 1:19-cv-199-NDF |
| | ) | |
| Petitioner, | ) | |
| | ) | **BRIEF IN SUPPORT OF** |
| v. | ) | **RESPONDENTS' MOTION TO** |
| | ) | **DISMISS** |
| U.S. FOREST SERVICE, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | Administrative Procedure Act Case, |
| _____ | | 5 U.S.C. § 701 *et seq.* |

**TABLE OF CONTENTS**

Introduction ............................................................................................................................. 1

    I.    Background ............................................................................................................ 2

    II.    Legal Standard ...................................................................................................... 3

        A.    Subject Matter Jurisdiction ....................................................................... 3

        B.    Failure to State a Claim ............................................................................ 5

    III.    Analysis ................................................................................................................. 5

        A.    The Petition Fails to Identify Final Agency Action Subject to Review Under the APA ................................................................................ 6

            i.    Unspecified "Decisions" Allegedly Allowing Motorized and Mechanized Uses Are Not Final Agency Actions ......................... 6

            ii.    The Petition Does Not Sufficiently Allege a Failure to Act or That Agency Action Has Been Unlawfully Withheld or Delayed. ......... 9

        B.    To the Extent the Petition Does Reference Specific Final Agency Actions, any Claims Challenging these Actions are Time Barred ............ 12

Conclusion ............................................................................................................................ 14

# TABLE OF AUTHORITIES

**Cases**

*Ark Initiative v. Tidwell*,
  816 F.3d 119 (D.C. Cir. 2016) .................................................................................. 10

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ....................................................................................................... 5

*Bell Atlantic Corp. v. Twombly*,
  550 U.S. 544 (2007) ....................................................................................................... 5

*Bennett v. Spear*,
  520 U.S. 154 (1997) ....................................................................................................... 6

*Biodiversity Conservation All. v. Jiron*,
  762 F.3d 1036 (10th Cir. 2014) .................................................................................... 2

*Bitterroot Ridge Runners Snowmobile Club v. U.S. Forest Serv.*,
  329 F. Supp. 3d 1191 (D. Mont. 2018) ....................................................................... 8

*Catron Cty. v. U.S. Fish & Wildlife Serv.*,
  75 F.3d 1429 (10th Cir. 1996) ...................................................................................... 6

*Chance v. Zinke*,
  898 F.3d 1025 (10th Cir. 2018) .................................................................................... 5

*Chem. Weapons Working Grp., Inc. v. U.S. Dep't of the Army*,
  111 F.3d 1485 (10th Cir. 1997) ................................................................................ 6, 9

*Cherry v. USDA*,
  13 F. App'x 886 (10th Cir. 2001) ......................................................................... 11, 13

*Colo. Farm Bureau Fed'n v. U.S. Forest Serv.*,
  220 F.3d 1171 (10th Cir. 2000) ............................................................................ 4, 6, 9

*Donelson v. U.S. Dep't of Interior*,
  730 F. App'x 597 (10th Cir. 2018) ............................................................................... 8

*Franklin v. Massachusetts*,
  505 U.S. 788 (1992) ....................................................................................................... 6

*Greater Yellowstone Coal. v. Timchak*,
  No. CV-06-04-E-BLW, 2006 WL 3386731 (D. Idaho Nov. 21, 2006) .................... 8

*Hackford v. Babbitt*,
  14 F.3d 1457 (10th Cir. 1994) ................................................................................... 5, 7

*Holt v. United States*,
  46 F.3d 1000 (10th Cir. 1995) ...................................................................................... 4

*Impact Energy Res., LLC v. Salazar*,
  693 F.3d 1239 (10th Cir. 2012) ............................................................................. 12, 14

*In re Big Thorne Proj.*,
  857 F.3d 968 (9th Cir. 2017) .................................................................................. 11

*Lujan v. Nat'l Wildlife Fed'n,*
  497 U.S. 871 (1990) .................................................................................................. 6

*Marcus v. Kan. Dep't of Revenue*,
  170 F.3d 1305 (10th Cir. 1999) ................................................................................ 4

*Merida Delgado v. Gonzales*,
  428 F.3d 916 (10th Cir. 2005) .................................................................................. 4

*Mont. Wilderness Ass'n v. McAllister*,
  666 F.3d 549 (9th Cir. 2011) .................................................................................... 8

*Moss v. Kopp*,
  559 F.3d 1155 (10th Cir. 2010) ................................................................................ 5

*Nagahi v. Immigration & Naturalization Serv.*,
  219 F.3d 1166 (10th Cir. 2000) .............................................................................. 12

*Normandy Apartments, Ltd. v. U.S. Dep't of Hous. & Urban Dev.*,
  554 F.3d 1290 (10th Cir. 2009) ................................................................................ 4

*Norton v. S. Utah Wilderness All.*,
  542 U.S. 55 (2004) ............................................................................... 7, 9, 10, 11, 12

*Persimmon Ridge LLC v. Zinke*,
  No. 17-cv-25-TCK-JFJ, 2018 WL 4471775 (N.D. Okla. Sept. 18, 2018) ................. 5

*Smith v. Marsh,*
  787 F.2d 510 (10th Cir. 1986) ................................................................................ 12

*Strich v. United States*,
  793 F. Supp. 2d 1238 (D. Colo. 2011) ..................................................................... 3

*Taylor v. First Choice Physical Therapy, P.C.*,
  No. 13-CV-233-F, 2014 WL 11510250 (D. Wyo. Oct. 6, 2014) .............................. 4

*Turner v. United States*,
  501 F. App'x 840 (10th Cir. 2012) ........................................................................... 5

*Utah Native Plant Soc'y v. U.S. Forest Serv.*,
  923 F.3d 860 (10th Cir. 2019) ................................................................................ 11

*Utah v. Babbitt,*
  137 F.3d 1193 (10th Cir. 1998) ................................................................................ 6

*Wyoming v. U.S. Dep't of Interior*,
  360 F. Supp. 2d 1214 (D. Wyo. 2005) ........................................................... 9, 10, 11

**Statutes**

16 U.S.C. § 1604(a) ........................................................................................................ 2

16 U.S.C. § 1604(i) ............................................................................................................... 10

28 U.S.C. § 2401(a) .................................................................................................... 12, 13, 14

5 U.S.C. § 551(13) ............................................................................................................... 6, 9

5 U.S.C. § 702 .......................................................................................................................... 4

5 U.S.C. § 704 .......................................................................................................................... 6

Pub. L. No. 98–550, 98 Stat. 2807 (1984) ............................................................................... 1

**Rules**

U.S.D.C.L.R. 83.6(b)(1)(A) ..................................................................................................... 7

**Regulations**

36 C.F.R. § 219.15 ................................................................................................................. 10

**INTRODUCTION**

Petitioner Mountain Pursuit[1] has failed to meet its burden to identify agency action subject to review under the Administrative Procedure Act ("APA"). Judicial review under the APA is limited to discrete events that qualify as "final agency actions." The vague allegations in Mountain Pursuit's Petition generally challenge the Forest Service's management of mountain biking and motorized recreation in Wilderness Study Areas ("WSAs")[2] spanning two national forests, but they identify neither a final agency action nor any discrete, legally required duty that Respondents have unlawfully withheld or delayed. Because the allegations in the Petition fail to identify the final agency action that Petitioners challenge, the Court should dismiss this action under Rule 12(b)(1) of the Federal Rules of Civil Procedure. Moreover, to the extent Mountain Pursuit's claims challenge the adequacy of agency actions from the early 1990s and 2000s that affect WSA management, those claims are time barred. Accordingly, any claims challenging those actions should be dismissed for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

---

[1] On September 26, 2019, Mountain Pursuit filed its Complaint for Declaratory and Injunctive Relief. *See* ECF No. 1. Though styled as a complaint, the pleading seeks judicial review of agency action subject to Local Rule 83.6. As such, this Motion to Dismiss refers to Mountain Pursuit as "Petitioner," the Complaint for Declaratory and Injunctive Relief as "the Petition," and the U.S. Forest Service, Bridger Teton National Forest Supervisor Tricia O'Connor, and Caribou Targhee National Forest Supervisor Mel Bolling as "Respondents."

[2] Under the Wyoming Wilderness Act of 1984, Wilderness Study Areas are areas that, "[s]ubject to valid existing rights and reasonable access to exercise such rights, . . . shall be administered by the Secretary of Agriculture so as to maintain their presently existing wilderness character and potential for inclusion in the National Wilderness Preservation System[.]" Wyoming Wilderness Act, Pub. L. No. 98–550, § 301(c), 98 Stat. 2807 (1984).

## I.     Background

Congress designated the Palisades and Shoal Creek WSAs in 1984 as part of the Wyoming Wilderness Act. Pet., ECF No. 1, ¶¶ 5, 83, 103.[3] The Palisades WSA covers portions of the Bridger-Teton National Forest ("BTNF") in Wyoming and the Caribou-Targhee National Forest ("CTNF") in Idaho. Pet. ¶ 16. The Shoal Creek WSA is located entirely inside the BTNF. Pet. ¶ 17. The Act provides that "[s]ubject to valid existing rights and reasonable access to exercise such rights, until Congress determines otherwise, the . . . [WSAs] shall be administered by the Secretary of Agriculture so as to maintain their presently existing wilderness character and potential for inclusion in the National Wilderness Preservation System[.]" Pet. ¶ 5 (emphasis omitted) (quoting Wyoming Wilderness Act, Title III, §§ 301(a)(1)-(2)).

The Forest Service manages National Forest System lands through the development, maintenance, and revision of land and resource management plans. 16 U.S.C. § 1604(a). These forest plans establish management direction with which later site-specific projects must comply. *See Biodiversity Conservation All. v. Jiron*, 762 F.3d 1036, 1049 (10th Cir. 2014). As Petitioner alleges, the BTNF adopted its currently operative Forest Plan in 1990, providing that "[e]xisting uses of the WSAs, such as snowmobiling and mountain biking, will be allowed to continue." Pet. ¶¶ 162, 164 (quoting *BTNF Forest Plan*).[4] And in 2004, invoking a categorical exclusion under the National Environmental Policy Act ("NEPA"), the Forest Service issued a Decision

---

[3] As discussed below, because this motion is a facial attack on subject matter jurisdiction and for failure to state a claim, Respondents accept the factual allegations in the Petition as true for purposes of this motion.

[4] Although the Petition alleges that the CTNF administers or manages portions of the Palisades WSA, Pet. ¶ 16, it contains no allegations related to the forest plan governing the CTNF.

Memo that addressed mountain bike use and unauthorized trail construction in the BTNF. *See* Pet. ¶¶ 35, 192.

Mountain Pursuit, a non-profit organization in Wyoming that promotes hunting on public lands in Wyoming and the West, brought this action generally challenging the Forest Service's "decisions and policies allowing and designating trails" for mechanized mountain biking in both WSAs and motorized recreation in the Shoal Creek WSA. Pet. ¶ 1; *see also* Pet. ¶¶ 59-61. The Petition alleges three specific claims for relief. Pet. ¶¶ 218-37.

First, Mountain Pursuit brings a claim under the Wyoming Wilderness Act "challeng[ing] the Forest Service's decisions to designate and authorize construction, maintenance and use of mountain bike trails in Palisades WSA[,]" Pet. ¶ 219, and to allow motorized recreation in the Shoal Creek WSA. Pet. ¶¶ 220-22. Second, it claims that the Forest Service violated NEPA and the National Forest Management Act ("NFMA") by allowing mechanized (i.e., mountain bike) use in the Palisades and Shoal Creek WSAs. *See* Pet. ¶¶ 223-31. This claim alleges both that the 1990 BTNF Forest Plan and 2004 Decision Memo are flawed, Pet. ¶¶ 225-26, and that unspecified "current management decisions" allowing mountain bike use in the WSAs are "arbitrary, capricious, an abuse of discretion, and not in accordance with NFMA, NEPA, or the Forest Plan. . . ." Pet. ¶ 230. Finally, Mountain Pursuit similarly claims that the BTNF Forest Plan and "the Travel Management Maps covering Shoal Creek WSA" violate NEPA and NFMA by allowing motorized access in the Shoal Creek WSA. Pet. ¶¶ 232-37.

## II. Legal Standard

### A. Subject Matter Jurisdiction

Petitioner brought this action against the United States Forest Service and two Forest Supervisors in their official capacities. As a result, the Petition "implicates the government's waiver of sovereign immunity and accordingly the court's subject matter jurisdiction." *Strich v.*

3

*United States*, 793 F. Supp. 2d 1238, 1240 (D. Colo. 2011) (citations omitted); *see also Normandy Apartments, Ltd. v. U.S. Dep't of Hous. & Urban Dev.*, 554 F.3d 1290, 1295 (10th Cir. 2009) (noting that "sovereign immunity is jurisdictional in nature, depriving courts of subject-matter jurisdiction where applicable."). The Petitioner bears the burden of proving subject matter jurisdiction and an express waiver of sovereign immunity. *See Merida Delgado v. Gonzales*, 428 F.3d 916, 919 (10th Cir. 2005) (quoting *Marcus v. Kan. Dep't of Revenue*, 170 F.3d 1305, 1309 (10th Cir. 1999)) ("Because the jurisdiction of federal courts is limited, there is a presumption against our jurisdiction, and the party invoking federal jurisdiction bears the burden of proof.").

Mountain Pursuit brings claims under the Wyoming Wilderness Act, NEPA, NFMA, and the Forest Service Travel Management Rule. *See* Pet. ¶¶ 219, 224, 237. Because none of these authorities provides a separate waiver of sovereign immunity, jurisdiction over each claim exists only if it is within the APA's waiver of sovereign immunity. *See* 5 U.S.C. §§ 702, 704; *Colo. Farm Bureau Fed'n v. U.S. Forest Serv.*, 220 F.3d 1171, 1173 (10th Cir. 2000). A claim is within that waiver only if it challenges "final agency action for which there is no other adequate remedy in court." *Colo. Farm Bureau Fed'n*, 220 F.3d at 1173 (quoting 5 U.S.C.§ 704).

A motion to dismiss for lack of subject matter under Federal Rule of Civil Procedure 12(b)(1) may take two forms—either "a facial attack on the sufficiency of the allegations in the complaint[,]" or "a factual attack, which goes beyond the allegations contained in the complaint and challenges the facts upon which subject matter jurisdiction depends." *Taylor v. First Choice Physical Therapy, P.C.*, No. 13-CV-233-F, 2014 WL 11510250, at *1 (D. Wyo. Oct. 6, 2014) (citing *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995)). In a facial attack to subject matter jurisdiction, such as this, the Court accepts the factual allegations in the Petition as true

but is "not bound by conclusory allegations, unwarranted inferences, or legal conclusions." *Turner v. United States*, 501 F. App'x 840, 842–43 (10th Cir. 2012) (unpublished) (quoting *Hackford v. Babbitt,* 14 F.3d 1457, 1465 (10th Cir. 1994)).

### B. Failure to State a Claim

In the Tenth Circuit, the statute of limitations set forth at 28 U.S.C. § 2401(a) is not a "jurisdictional requirement." *Chance v. Zinke*, 898 F.3d 1025, 1033 (10th Cir. 2018). As a result, a motion to dismiss based on that statute of limitations is properly brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See, e.g.*, *Persimmon Ridge LLC v. Zinke*, No. 17-cv-25-TCK-JFJ, 2018 WL 4471775, at *5 (N.D. Okla. Sept. 18, 2018). In reviewing a motion to dismiss under Rule 12(b)(6), "a court must accept as true all well-pleaded facts, as distinguished from conclusory allegations, and those facts must be viewed in the light most favorable to the non-moving party." *Moss v. Kopp*, 559 F.3d 1155, 1159 (10th Cir. 2010). "To withstand a motion to dismiss, a complaint must contain enough allegations of fact 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

## III. Analysis

Mountain Pursuit has failed to meet its burden of establishing subject matter jurisdiction because it does not challenge final agency action, but instead makes claims challenging broad programmatic actions that are not cognizable under the APA. As such, Mountain Pursuit's claims do not fall within the APA's waiver of sovereign immunity. Moreover, to the extent Mountain Pursuit's claims do challenge final agency actions, any such claims are time barred.

A. **The Petition Fails to Identify Final Agency Action Subject to Review Under the APA.**

The APA waives sovereign immunity only for claims based on "final agency action for which there is no other adequate remedy in a court." *See* 5 U.S.C. § 704; *Franklin v. Massachusetts*, 505 U.S. 788, 796 (1992). In contrast, "a preliminary, procedural, or intermediate agency action or ruling not directly reviewable is subject to review on the review of the final agency action." 5 U.S.C. § 704. To be "final," an agency action must mark the "consummation of the agency's decision making process, one which is neither tentative nor interlocutory in nature." *Bennett v. Spear*, 520 U.S. 154, 177-78 (1997). This final agency action requirement is jurisdictional. *See Chem. Weapons Working Grp., Inc. v. U.S. Dep't of the Army,* 111 F.3d 1485, 1494 (10th Cir. 1997). Petitioner bears the burden of establishing "that [Respondents] took 'final agency action for which there is no other adequate remedy in court,'" by "identifying specific federal conduct and explaining how it is 'final agency action . . . .'" *Colo. Farm Bureau Fed'n*, 220 F.3d at 1173 (quoting 5 U.S.C. § 704 and citing *Lujan v. Nat'l Wildlife Fed'n,* 497 U.S. 871, 882 (1990); *Catron Cty. v. U.S. Fish & Wildlife Serv.,* 75 F.3d 1429, 1434 (10th Cir. 1996)). The APA defines "agency action" as an "agency rule, order, license, sanction, relief, or the equivalent or denial thereof, or failure to act." 5 U.S.C. § 551(13). "Whether federal conduct constitutes final agency action within the meaning of the APA is a legal question." 220 F.3d at 1173 (citing *Utah v. Babbitt,* 137 F.3d 1193, 1207 (10th Cir. 1998)).

   i. **Unspecified "Decisions" Allegedly Allowing Motorized and Mechanized Uses Are Not Final Agency Actions.**

Mountain Pursuit has not identified "specific federal conduct and explain[ed] how it is 'final agency action' within the meaning of section 551(13)." *Colo. Farm Bureau Fed'n*, 220 F.3d at 1173 (citing *Lujan,* 497 U.S. at 882; *Catron Cty.*, 75 F.3d 1429). The Petition is rife with

vague references to Forest Service "decisions" purportedly sanctioning increased mechanized and motorized access in the WSAs, but it fails to identify any specific final Forest Service actions doing so. *See, e.g.*, Pet. ¶¶ 1, 31, 43, 53, 159. Indeed, the closest the Petition comes to identifying such an action is its reference to "the travel planning decisions authorizing mechanized mountain bike use within both WSAs and high levels of OHV/ATV use in Shoal Creek." Pet. ¶ 54. But this generic reference to "travel planning decisions" falls far short of meeting Petitioner's burden of identifying the specific final agency action that it challenges. *See* Pet. ¶¶ 54, 230.

Similarly, Mountain Pursuit alleges that the Forest Service has "progressively allowed mechanized and motorized uses to become dominant uses on the majority of trails and large swathes of the WSAs" by "recognizing and designating the majority of trails in Palisades WSA as open to mountain biking . . . ." *See* Pet. ¶¶ 29, 34. But, again, the Petition fails to identify any specific final agency action designating trails for mechanized or motorized use in the WSAs, and Plaintiff cannot avoid the APA's final agency action requirement by challenging an agency's day-to-day operations. *See Norton v. S. Utah Wilderness All.*, 542 U.S. 55, 66-67 (2004). Absent such information, the Court is not "bound by [these] conclusory allegations" and should disregard them. *See Hackford,* 14 F.3d at 1465.

In short, the Petition simply lacks enough information for the Court and Respondents to identify the final agency action or actions over which Mountain Pursuit seeks judicial review. Faced with the Petition's vague allegations, Respondents cannot even begin to compile the administrative record as prescribed by Local Rule 83.6(b) because "the final agency action sought to be reviewed or enforced" is unknown. *See* Local Rule 83.6(b)(1)(A). And, when "plaintiffs have failed to specify with any degree of clarity which agency actions they are

7

seeking to challenge[, a] district court presented with such vague statements cannot determine its jurisdiction." *See Donelson v. U.S. Dep't of Interior*, 730 F. App'x 597, 602–03 (10th Cir. 2018) (unpublished).

Mountain Pursuit attempts to distract from its failure to identify the final agency action it challenges by pointing to several cases that it cites for the proposition that land management agencies "must seek to maintain the wilderness experience and characteristics in WSAs available as of the date of designation." Pet. ¶ 213. But citing cases where courts reviewed timely challenges to properly identified final agency actions does not help Mountain Pursuit overcome the Petition's deficiencies in this case. *See* Pet. ¶¶ 198-217. To the contrary, the cases Mountain Pursuit cites highlight the fact that clear identification of final agency action is a prerequisite for judicial review under the APA.

In *Greater Yellowstone Coalition v. Timchak*, the plaintiffs timely challenged the Final Environmental Impact Statement ("FEIS") and Record of Decision ("ROD") that supported the Forest Service's decision to issue a heli-skiing permit. No. CV-06-04-E-BLW, 2006 WL 3386731, at *1-2 (D. Idaho Nov. 21, 2006); *see also* Pet. ¶¶ 201-03. Similarly, in *Montana Wilderness Association v. McAllister*, the plaintiffs challenged the sufficiency of a ROD approving a Forest Service travel plan and the associated FEIS. *See* 666 F.3d 549, 553 (9th Cir. 2011); *see also* Pet. ¶ 211. And again, in *Bitterroot Ridge Runners Snowmobile Club v. United States Forest Service*, the plaintiffs challenged decisions regarding mechanized and motorized recreational uses in the Bitterroot Forest Travel Management Plan FEIS and ROD. *See* 329 F. Supp. 3d 1191, 1196 (D. Mont. 2018).

Unlike in those cases, where courts reviewed clearly identified final agency actions following timely challenges, here Mountain Pursuit has "failed to meet [its] burden of identifying

8

a 'final agency action' as defined in section 551(13) . . . [and it] therefore lack[s] the statutory standing required to bring this claim under the APA." *See Colo. Farm Bureau Fed'n*, 220 F.3d at 1174 (citing *Chem. Weapons Working Grp., Inc.*, 111 F.3d at 1494); *see also Wyoming v. U.S. Dep't of Interior*, 360 F. Supp. 2d 1214, 1227-31 (D. Wyo. 2005) (dismissing claims because Forest Service letter pointing out deficiencies with a state management plan was not a final agency action for purposes of APA review), *aff'd*, *Wyoming v. U.S. Dep't of Interior*, 442 F.3d 1262, 1264 (10th Cir. 2006) ("the Plaintiffs have failed to identify a final agency action which is necessary to satisfy the statutory standing requirements under the APA"). As a result, this case should be dismissed for lack of jurisdiction.

### ii. The Petition Does Not Sufficiently Allege a Failure to Act or That Agency Action Has Been Unlawfully Withheld or Delayed.

Framing Mountain Pursuit's claims as challenging the Forest Service's failure to act would fare no better. *See* Pet. ¶ 52 ("[t]he Forest Service has failed to quantify or analyze the increases of mountain bike recreational use in the WSAs since 1984, the current use levels, or the impact on WSA resources . . . ."). A failure to act claim under the APA is "properly understood as [challenging] a failure to take an *agency action*—that is, a failure to take one of the agency actions (including their equivalents) earlier defined in § 551(13)." *Norton*, 542 U.S. at 62. A court may only compel agency action under § 706(1) that is discrete and "legally *required*." *Id.* at 63-64. Stated differently, a petitioner bringing a failure-to-act claim must still identify the relevant agency action that the government failed to take.

Petitioner has identified no such action. To the contrary, Mountain Pursuit points generally to goals labelled "forest challenges" in the 1990 BTNF Forest Plan and claims without support that these goals "trigger specific duties regarding the WSAs." *See* Pet. ¶¶ 168-69. Mountain Pursuit similarly argues that the BTNF's 2008 "Evaluation of Areas with Wilderness

Potential" document "triggered a responsibility to protect existing character and the potential for future wilderness designation . . . ," and "at a minimum[] triggered a responsibility to fully analyze recreational management alternatives that maintained existing character as of 1984 and the date of the Evaluation . . . ." Pet. ¶¶ 114, 122.

However, much like Mountain Pursuit's vague challenges to unidentified agency decisions, the Petition also fails to specify any agency inaction cognizable under the APA. In particular, Mountain Pursuit fails to point to any language in either the 1990 Forest Plan or the 2008 Wilderness Evaluation that requires the Forest Service to take specific management actions in the WSAs or analyze motorized and mechanized recreation.[5] The "forest challenges" and other goals set forth in the Forest Plan, *see* Pet. ¶¶ 166-69, are not "ministerial or non-discretionary act[s]" that may be compelled under the APA. *See Norton*, 542 U.S. at 64. Rather, they are broad, programmatic goals laid out in the 1990 document. *See* Pet. ¶¶ 166-73. Similarly, the other management standards Mountain Pursuit highlights, *see* Pet. ¶¶ 170-73, appear to be guidelines with which future site-specific actions must be consistent—not discrete ministerial actions that may be compelled. *See Norton*, 542 U.S. at 64; *see also* Pet. ¶ 86 (citing 16 U.S.C. § 1604(i) and 36 C.F.R. § 219.15 to explain the role of forest plans in agency decisionmaking).

Attempts to compel agency action based on forest plan goals and standards "are really broad programmatic attacks on how the Federal Defendants are exercising their discretionary authority." *See Wyoming*, 360 F. Supp. 2d at 1235. Here, Mountain Pursuit "seek[s] a

---

[5] Indeed, the Wilderness Evaluation is not a decision document nor does it provide management direction to the Forest Service. *Cf. Ark Initiative v. Tidwell*, 816 F.3d 119, 130 (D.C. Cir. 2016) (explaining that an evaluation of potential wilderness areas was "not a land designation, nor [did] it imply any particular level of management direction or protection in association with the evaluation of the[] potential wilderness areas." (citation omitted)).

declaration that the Forest Service's management of mountain bike use in the Palisades and Shoal Creek WSAs violates federal law and is otherwise arbitrary and capricious." Pet. ¶ 231. As this Court has held, "[t]his type of claim is not cognizable under the APA." *Wyoming*, 360 F. Supp. 2d at 1235; *see also In re Big Thorne Proj.*, 857 F.3d 968, 974 (9th Cir. 2017) (noting discretionary forest plan provision unenforceable under NFMA "because there is no law for [a court] to apply in second-guessing the agency."); *cf. Norton*, 542 U.S. at 71 ("A statement by [the Forest Service] about what it plans to do, at some point, provided it has the funds and there are not more pressing priorities, cannot be plucked out of context and made a basis for suit under § 706(1).").

The Tenth Circuit has also made clear that programmatic requirements to manage land in a particular way do not necessarily create discrete managerial duties that may be compelled under the APA. *See, e.g.*, *Utah Native Plant Soc'y v. U.S. Forest Serv.*, 923 F.3d 860, 875 (10th Cir. 2019) (citations and quotation marks omitted) (explaining that a regulation guiding land management priorities "simply does not call for a discrete action that will assure us [a protected area] will be retained in a virgin or unmodified condition"); *Cherry v. USDA*, 13 F. App'x 886, 890-91 (10th Cir. 2001) (unpublished) (citations omitted) (holding that the court lacked jurisdiction to review a letter in which the Forest Service demanded plaintiff comply with an operating plan because the relevant "decisions were made long ago, and the Forest Service's demand that plaintiff remove his equipment and structures merely implemented the decisions." (citations omitted)). And to the extent the Forest Plan "commits to protecting wildlife and habitat," or requires the Forest Service to regulate mechanized and motorized recreation in the WSAs, *see* Pet. ¶¶ 170-71, Mountain Pursuit has not alleged that the Plan sets out discrete actions the Forest Service *must* take to achieve those goals.

In short, Mountain Pursuit has not met its burden of identifying a "final agency action" or a discrete, ministerial action that Respondents allegedly failed to take under the APA.[6] Absent such a showing, this action must be dismissed for lack of subject matter jurisdiction.

### B. To the Extent the Petition Does Reference Specific Final Agency Actions, any Claims Challenging these Actions are Time Barred.

Even if Mountain Pursuit's Petition had properly challenged Forest Service documents that allow for mechanized and motorized recreation in the Palisades and Shoal Creek WSAs, that challenge would fail—even assuming any of those documents constituted final agency action—because it would be time barred. "APA claims are generally covered by the six-year limitations period contained in 28 U.S.C. § 2401(a)." *Impact Energy Res., LLC v. Salazar*, 693 F.3d 1239, 1245 (10th Cir. 2012) (citing *Smith v. Marsh,* 787 F.2d 510, 512 (10th Cir. 1986)); *see also* 28 U.S.C. § 2401(a) (noting "every civil action commenced against the United States shall be barred unless the complaint is filed within six years after the right of action first accrues. . . ."); *Nagahi v. Immigration & Naturalization Serv.,* 219 F.3d 1166, 1171 (10th Cir. 2000) ("In the absence of a specific statutory limitations period, a civil action against the United States under the APA is subject to the six year limitations period found in 28 U.S.C. § 2401(a).").

None of the specific agency actions identified in the Petition falls within the six-year statute of limitations. For example, the BTNF Forest Plan—which recognizes mountain biking and snowmobiling as "existing motorized/mechanized recreation" in the Palisades WSA, *see* Pet.

---

[6] The Petition also vaguely alludes to a duty to supplement under NEPA, but Plaintiffs have asserted no separate NEPA claim alleging a violation of that duty. *See* Pet. ¶¶ 205, 218-37. Moreover, even if the Petition had alleged such a claim, subject matter jurisdiction would still be lacking because the Petition fails to identify the previous NEPA analysis that allegedly requires supplementation or any major federal action left to occur. *See Norton*, 542 U.S. at 73 (finding no duty to supplement EIS for land use plan once plan approved because no major federal action remained to occur).

¶ 37 (quoting BTNF Forest Plan Appendix 2-C at 9)—was adopted in 1990.[7] *See* Pet. ¶ 162. Mountain Pursuit claims that the Plan "fails to address whether mountain bike use is allowable under the [Wyoming Wilderness] Act in the first instance, or, if so, to analyze the appropriate level of allowable use and number of trails or trail mileage." Pet. ¶ 37. It asserts that, by allowing existing uses like mountain biking and snowmobiling to continue in the WSAs, *see* Pet. ¶ 164, the 1990 BTNF Forest Plan "fails to distinguish" between the two activities and between 1990 and 1984 use levels, and that both alleged failures violate the Wyoming Wilderness Act. *See* Pet. ¶¶ 164-65. But any challenges to the sufficiency of the 1990 Forest Plan are plainly time barred.[8] If Mountain Pursuit believes that the Forest Plan "impermissibly allows continued mechanized and motorized uses . . . ," it should have brought a timely challenge to the Forest Plan when it was adopted in 1990.

Similarly, by arguing that the 2004 Decision Memo "failed to seek to maintain the wilderness experience available in 1984" and "rewarded past unauthorized trail construction by officially recognizing and designating such trials for mountain bike use in the WSAs," *see* Pet. ¶ 192, Mountain Pursuit alleges deficiencies in a nearly fifteen-year-old document. The six-year limitation contained in 28 U.S.C. § 2401(a) prohibits Mountain Pursuit from now claiming that

---

[7] In its third claim for relief, Mountain Pursuit makes one passing reference to the fact that the BTNF 1990 Forest Plan "was amended and updated in 2015." *See* Pet. ¶ 233. To the extent Mountain Pursuit attempts to rely on this plan amendment to circumvent the applicable six-year statute of limitations, it fails to allege that any of the updates or amendments to the Plan in 2015 were substantive, let alone relevant to WSA management.

[8] The Petition also identifies a 2019 letter from the BTNF to Mountain Pursuit that referenced the 1990 Forest Plan's provision allowing mountain biking as an existing use. *See* Pet. ¶¶ 185, 189. But that letter does not constitute final agency action and does not make a challenge to the 1990 Forest Plan timely. *See Cherry*, 13 F. App'x at 890-91 (a letter in which the Forest Service referenced and implemented prior decisions was not a final agency action for purposes of review under the APA).

13

the 2004 Decision Memo "failed to comply with NEPA, NFMA, or the Wyoming Wilderness Act." Pet. ¶ 226; *see also Impact Energy Res., LLC*, 693 F.3d at 1245. In addition, the Petition includes a vague reference to 2008 "summer travel planning that covered the Teton Division." *See* Pet. ¶ 176. To the extent this "planning" could be considered a final agency action, it is more than a decade old and any challenges to it are time barred.

To the extent the Petition identifies any specific agency actions, those actions all occurred well outside of the six-year limitations period and any claims challenging them would be time barred. *See* 28 U.S.C. § 2401(a); *Impact Energy Res., LLC*, 693 F.3d at 1245.

## CONCLUSION

For the foregoing reasons, Mountain Pursuit has not met its burden of establishing subject matter jurisdiction because the Petition does not specifically identify the final agency action that it challenges. Moreover, the Petition fails to state a claim over any of the the agency actions that it does identify because any such claims would be time barred. As such, the Petition should be dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure or failure to state a claim under Rule 12(b)(6).

Respectfully submitted this 31st day of January, 2020.

        PRERAK SHAH
        Acting Deputy Assistant Attorney General
        U.S. Department of Justice
        Environment & Natural Resources Division

        */s/ Shaun M. Pettigrew*
        SHAUN M. PETTIGREW
        Trial Attorney
        Natural Resources Section
        c/o NOAA, Damage Assessment
        7600 Sand Point Way, NE
        Seattle, WA 98115

Phone: (206) 526-6881
shaun.pettigrew@usdoj.gov

EMMA L. HAMILTON
Trial Attorney
Natural Resources Section
P.O. Box 7611
Washington, D.C. 20044-7611
Tele: (202) 305-0479
Fax: (202) 305-0506
emma.hamilton@usdoj.gov


MARK A. KLAASSEN
United States Attorney

*/s/ Nicholas Vassallo*
NICHOLAS VASSALLO
P.O. Box 668
Cheyenne, WY 82003
Tele: (307) 772-2124
nick.vassallo@usdoj.gov

*Attorneys for Defendants*