

**FILED**

10:20 am, 3/6/20

**Margaret Botkins**
**Clerk of Court**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

MOUNTAIN PURSUIT,

                      Petitioner,

vs.

U.S. FOREST SERVICE, et al.,

                  Respondents.

Case No:  19-CV-199-NDF

## ORDER DISMISSING CASE WITH LEAVE TO AMEND

This matter is before the Court on the Motion to Dismiss filed by Respondents (collectively "the USFS").  (CM/ECF Document [Doc.] 14).  By its motion, the USFS argues Petitioner Mountain Pursuit fails to meet its burden to establish subject matter jurisdiction under the Administrative Procedure Act (APA) and the case should be dismissed.  Mountain Pursuit responds against dismissal arguing its petition states sufficient allegations to challenge the USFS's decision making which adversely affects two Wilderness Study Areas (WSAs) in violation of law.

For the reasons stated below, the Court agrees with the USFS and, therefore, the case is DISMISSED with leave to amend.

### Discussion

On September 26, 2019, Mountain Pursuit filed a complaint against the USFS seeking declaratory and injunctive relief. (Doc. 1).  While styled as a complaint, Mountain Pursuit is clear that it seeks judicial review under the APA of the USFS decision to allow

alleged non-conforming and illegal motorized and mechanized uses to occur on specific trails within the Palisades and Shoal Creek WSAs. Its 60-page Complaint contains 237 paragraphs detailing historical information, legal arguments, and three claims for relief. Generally speaking, the crux of the complaint appears to relate to "existing decisions" [by the USFS] to "codify illegal trail construction in its travel management plans" and to allow "mountain bike and ATV/OHV usage far in excess of 1984 levels at the expense of wilderness resources and quiet, non-mechanized, non-motorized WSA users seeking solitude and a wilderness experience as intended by Congress." (Doc. 1 at 59; 15-1 at 6).

On January 31, 2020, the USFS filed a Motion to Dismiss for lack of subject matter jurisdiction, arguing Mountain Pursuit does not challenge final agency action and, to the extent final actions are identified, claims challenging these actions are time barred. More specifically, the USFS argues Mountain Pursuit's complaint challenges either broad programmatic actions or day-to-day operations, which are not cognizable under the APA. Further, to the extent Mountain Pursuit is challenging a failure to act, the USFS argues the complaint fails to identify any discrete and legally-required action that it failed to take.

Mountain Pursuit timely responds against dismissal arguing its petition states sufficient allegations as to the management of mechanized uses on specific trails in the two WSAs and how that decision making relies on inadequate information and fails to comply with applicable law. Mountain Pursuit also argues it has clearly and specifically argued the harms which flow from the alleged flawed decisions and decision-making, sufficient to demonstrate standing and to adequately state a claim for relief.

In considering a motion to dismiss, the Court must construe the complaint in favor of Mountain Pursuit and assume the truth of all factual allegations. *Utah v. Babbitt*, 137 F.3d 1193, 1204 (10th Cir. 1998). Because Mountain Pursuit relies on the judicial review provisions of the APA, it has the burden of demonstrating the "statutory standing" requirements of the APA. *Colo. Farm Bureau Fed'n v. U.S. Forest Service*, 220 F.3d 1171, 1173 (10th Cir. 2000), (citation omitted). "Specifically, they must establish that defendants took 'final agency action for which there is no other adequate remedy in court.'" *Id.*, 5 U.S.C. § 704 (other citations omitted).

The APA defines "agency action" as an "agency rule, order, license, sanction, relief, or the equivalent or denial thereof, or failure to act." 5 U.S.C. § 551(13). Thus Mountain Pursuit must identify the specific federal conduct at issue and explain how it is "final agency action" within the meaning of this statute. *Colo. Farm Bureau*, 220 F.3d at 1173. Further, to be "final," the Court considers "whether [the action's] impact is direct and immediate, … whether the action mark[s] the consummation of the agency's decisionmaking process; and whether the action is one by which rights or obligations have been determined, or from which legal consequences will flow." *Id.* at 1173-1174 (internal quotation marks omitted, quoting *Franklin v. Massachusetts,* 505 U.S. 788, 796-97, 112 S. Ct. 2767, 120 L.Ed.2d 636 (1992); *Bennett v. Spear*, 520 U.S. 154, 178, 117 S. Ct. 1154, 137 L.Ed.2d 281 (1997)).

In turning to the complaint and response to the USFS's dismissal argument, Mountain Pursuit references an unspecified USFS "decision" and more generally "USFS's decision-making" which allegedly concerns the management of motorized and mechanized

3

uses on trails in the WSAs.  Other than historical decisions and actions, no specific federal conduct is identified, nor is there any allegation or argument demonstrating how that specific conduct constitutes "final agency action."  While Mountain Pursuit's complaint does include one sentence mentioning a "2019 Evaluation Report," this general reference is wholly inadequate to satisfy Mountain Pursuit's burden of demonstrating statutory standing under the APA.  Further, while Mountain Pursuit also discusses various USFS failures, including the alleged failure to engage in supplemental planning under NEPA, this also is inadequate to identify a discrete and legally-required action that the USFS failed to take. *Norton v. S. Utah Wilderness All.*, 542 U.S. 55, 62 (2004).

For all these reasons, the Court finds that Mountain Pursuit has failed to demonstrate statutory standing under the APA.

IT IS THEREFORE ORDERED that Mountain Pursuit's Complaint for Declaratory and Injunctive Relief is DISMISSED with leave to amend to correct the deficiencies identified herein.  If an amended complaint is not filed on or before April 6, 2020, the Clerk of Court will close the case.

Dated this ___6___ day of March, 2020.

NANCY D. FREUDENTHAL
UNITED STATES DISTRICT JUDGE